# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-962V
### Filed: May 4, 2017
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
NIKI DELSON,                        *
                                    *
                   Petitioner,      *
v.                                  *
                                    *    Attorneys' Fees and Costs;
SECRETARY OF HEALTH                 *    Special Processing Unit ("SPU")
AND HUMAN SERVICES,                 *
                                    *
                   Respondent.      *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 8, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,[2]* (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury ("SIRVA") caused by her September 8, 2015 influenza vaccination. On January 31, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 21.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 30, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 26).  Petitioner requests attorneys' fees in the amount of $23,711.00 and attorneys' costs in the amount of $1,981.30 for a total amount of $25,692.30.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  On April 17, 2017, respondent filed a response to petitioner's motion.  (ECF No. 27).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Petitioner "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.[3]

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect the following:

- On September 21-22 of 2016, Mr. Cochran billed 13.2 hours of travel time at his full rate of $355 per hour.  Notwithstanding the fact that he was noted to be working on case review en route, the undersigned reduces the hourly rate for these hours by 50%.  *See, e.g., Hocraffer v. HHS*, No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program.").  This results in a reduction of $2,343.00.

- Mr. McLaren billed .9 hours at $440 per hour for work performed in 2017.  The undersigned reduces this to the rate of $425 per hour discussed in *Henry*, resulting in a reduction of $13.50.

---

[3] Petitioner's counsel additionally requested 2017 rates in excess of those in *Henry* (ECF No. 26, p. 9).  *Henry* did not reach the question of 2017 rates; however, since *Henry* was not decided until November 2016, the undersigned is not persuaded that a 2017 rate increase is reasonable at this time and will award fees at rates consistent with *Henry* for work performed in 2017.  The undersigned will consider an increase for this firm after additional time has passed.

- Mr. Cochran billed 6.5 hours at a rate of $365 per hour for work performed in 2017.  The undersigned reduces this to the rate of $355 discussed in *Henry*, resulting in a reduction of $65.00.

- Mr. Webb billed .5 hours at a rate of $315 per hour for work performed in 2017.  The undersigned reduces this to the rate of $305 discussed in *Henry*, resulting in a reduction of $5.00.

- Ms. Garcia billed 11.8 hours at a rate of $150 per hour for work performed in 2016.  Additionally, Ms. Ward billed 18.10 hours at $150 per hour for work performed in 2016.  The undersigned reduces this to the rate of $145 per hour discussed in *Henry*, resulting in a reduction of $149.50.

- Ms. Ward billed 3.6 hours at a rate of $155 per hour for work performed in 2017.  The undersigned reduces this to the rate of $145 discussed in *Henry*, resulting in a reduction of $36.00.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (based on 86.2 total hours): | $23,711.00 |
| Less 50% reduction for 13.2 travel hours: | -$2,343.00 |
| Less 2017 rate reduction for Mr. McLaren: | -$13.50 |
| Less 2017 rate reduction for Mr. Cochran: | -$65.00 |
| Less 2017 rate reduction for Mr. Webb: | -$5.00 |
| Less 201 rate reduction for Ms. Ward: | -$149.50 |
| Less 2016-17 paralegal rate reduction: | <u>-$36.00</u> |
| Adjusted total: | $21,099.00 |
| Costs: | $1,981.30 |
| **Total Attorneys' Fees and Costs Awarded:** | **$23,080.30** |

**Accordingly, the undersigned awards a lump sum of $23,080.30, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master